UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREENRIDGE FRUIT, INC.,
a Michigan corporation,

        Plaintiff,

v.

THE APPLE TRUCK, LLC,
a Michigan limited liability company;
MARIANN APLEY, an individual; and
DALE APLEY, an individual, jointly and severally,

        Defendants.

Case No. 1:23-cv-_1052_____

Hon.

_____/

## COMPLAINT

Plaintiff, Greenridge Fruit, Inc. ("Greenridge"), alleges as follows for its complaint:

### Parties

1. Greenridge is a Michigan corporation with its principal place of business located in Grand Rapids, Michigan.

2. Defendant Dale Apley ("Mr. Apley") is an individual who is a Michigan resident and is a member, officer or director of Defendant The Apple Truck, LLC. ("Apple Truck").

3. Defendant MariAnn Apley ("Mrs. Apley") is an individual who is a Michigan resident and is a member, officer or director of Apple Truck.

4. Apple Truck is a Michigan limited liability company with its principal place of business located at 809 Berkshire Road, Ann Arbor, Michigan. Apple Truck's resident agent is United States Corporation Agents, Inc., 336 W. First Street, Suite 113, Flint, Michigan 48502.

**Jurisdiction and Venue**

5. The Court has jurisdiction under 28 U.S.C. §1331, because this lawsuit involves violations of federal law. The Court is specifically vested with jurisdiction under § 499e(c)(5) of the Perishable Agricultural Commodities Act ("PACA"). The Court has jurisdiction over Greenridge's state law claims under 28 U.S.C. §1367(a).

6. Venue in this district is proper under 28 U.S.C. §1391, because it is the district in which a substantial part of the events and omissions giving rise to Greenridge's claims occurred.

**Factual Allegations**

7. Greenridge is a large-scale wholesaler of perishable agricultural commodities ("Commodities"), primarily apples.

8. Apple Truck purchased wholesale Commodities from Greenridge.

9. Mr. and Mrs. Apley are the members, officers and/or directors of Apple Truck, and they operate and control the assets of Apple Truck.

10. Apple Truck was and is, upon information and belief, a dealer in Commodities as defined by PACA and/or its regulations. *See* 7 U.S.C. 499a; 7 C.F.R. § 46.2.

**COUNT I (Against All Defendants)**
**VIOLATION OF PACA**

11. Greenridge incorporates the preceding allegations.

12. Apple Truck ordered and Greenridge supplied Apple Truck with $27,803.00 of Commodities, exclusive of interests, costs of collections, and attorney fees, for which Greenridge has not been paid. *See* Report of Investigation, **Exhibit 1**.

13. The Commodities supplied by Greenridge did move and/or were the type of Commodities that commonly move in interstate commerce.

14. For each shipment of Commodities, Greenridge notified Apple Truck of Greenridge's intent to preserve the benefits of a PACA trust for the Commodities by rendering, within 20 days from the date the Commodities were received, a true and correct accounting. Greenridge accomplished this by sending ordinary and usual invoice statements, which provided:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.
>
> \*\*\*\*\*
>
> In the event legal action is commenced to collect sums due under this invoice, the prevailing party shall be entitled to recover all court costs and attorney fees incurred thereby as damages in addition to any principal balance then remaining due.

15. The invoices also provided, in compliance with PACA, that net payment for the Commodities was to be made to Greenridge within 10 days. *Id.*

16. PACA imposes a floating, non-segregated trust on all Commodities, all inventories of food or other products derived from the Commodities, and any receivables or proceeds from the sale of the Commodities, until full payment for the Commodities is received. 7 U.S.C. 499e(c); *Sanzone-Palmisano Co. v. M. Seaman Enter.*, 986 F.2d 1010, 1012 (6th Cir. 1993).

17. By complying with PACA's requirements, liability for payment of Greenridge's supplied Commodities became a trust obligation prior to and superior to any lien or security interest. *Sanzone-Palmisano* at 1012.

18. A produce supplier, such as Greenridge, need only file a complaint and prove the amount of unpaid produce; then, the supplier is entitled to a portion of the buyer's inventory and produce-related assets equal to what the supplier is owed. *Id.* at 1013. The burden

3

is on the party opposing a PACA trust to prove that assets are not PACA proceeds. *Id.* at 1013-1014.

19. Moreover, shareholders, officers, and directors of corporations, who are in a position to control trust assets and who breach their fiduciary duty to preserve those assets, are personally liable to produce suppliers, such as Greenridge, for PACA claims. *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 351-352 (5th Cir. 2000); *Sunkist Growers, Inc. v. Fisher,* 104 F.3d 280 (9th Cir. 1997); *Bronia, Inc. v. Ho*, 873 F. Supp. 854, 861 (S.D.N.Y. 1995); *A&J Produce, Corp. v. CIT Group/Factoring, Inc.*, 829 F. Supp. 651, 651-656 (S.D.N.Y. 1993); *Mid-Valley Produce v. 4-XXX Produce Corp.*, 819 F. Supp. 209, 212 (E.D.N.Y. 1993).

20. Mr. and Mrs. Apley, upon information and belief, are the members, officers and directors of Apple Truck, and they controlled/control Apple Truck's operations and the disbursement of PACA trust assets. Accordingly, the Apleys were and are trustees of the PACA trust assets, and they owed/owe a fiduciary duty to Greenridge in regard to those assets. As fiduciaries, the Apleys misappropriated trust assets by failing to pay Greenridge for the Commodities that Greenridge supplied. The Apleys failed to preserve the assets of the PACA trust by allowing for the payment of the PACA trust assets to individuals and/or entities other than Greenridge. As such, the Apleys breached the fiduciary duty that they owed/owe to Greenridge and are personally liable to Greenridge.

21. Further, because Greenridge's invoices expressly reserve PACA trust rights, including rights over interest and reasonable attorneys' fees, Apple Truck and the Apleys are responsible for interest and attorneys' fees, which are part of the PACA trust. *Middle Mountain & Produce, Inc. v. Sound Commodities, Inc.,* 307 F.3d 1220, 1224-1225 (9th Cir. 2002); *J.C. Produce v. Paragon Steakhouse Rest.*, 70 F. Supp. 2d 1119, 1123 (E.D. Cal. 1999).

22. Greenridge filed a claim with the United States Department of Agriculture. (**Ex. 1**).

23. Apple Truck failed to respond to the claim, and a Default Order was entered on August 17, 2023 requiring that Apple Truck pay to Greenridge the principal amount of $27,803.00, interest in the amount of 5.34% per annum, and repay Greenridge's $500 filing fee. *See* Default Order, **Exhibit 2**.

24. To date, Apple Truck has not complied with the Default Order.

25. The invoices also expressly provide that Greenridge is entitled to attorney's fees and court costs as a prevailing party.

26. As a direct and proximate result of defendants' violation of PACA, Greenridge suffered damages of $28,303.00, exclusive of costs, interest, and attorneys' fees.

**WHEREFORE**, Greenridge requests that the Court award damages in Greenridge's favor and against Apple Truck, Mrs. Apley, and Mr. Apley, jointly and severally, for $28,303.00, interest at the rate of 5.34% per annum as well as for Greenridge's costs and attorneys' fees.

### COUNT II (Against Apple Truck)
### BREACH OF CONTRACT

27. Greenridge incorporates the preceding allegations.

28. Apple Truck ordered and Greenridge supplied Commodities. As such, contracts were formed following each order and supply.

29. Under the terms of those contracts, Apple Truck was obligated to make payment to Greenridge within 10 days of delivery of the Commodities.

30. Apple Truck failed to pay Greenridge for $27,803.00 of Commodities, exclusive of costs, and attorneys' fees. (**Ex. 2**).

5

31. As a direct and proximate result of Apple Truck's breach of contract, Greenridge suffered damages of $27,803.00, exclusive of costs, interest, and attorneys' fees.

**WHEREFORE**, Greenridge requests that the Court award damages in Greenridge's favor and against Apple Truck for $27,803.00, as well as for Greenridge's costs, interest until all owed sums are paid to Greenridge, and attorneys' fees.

### COUNT III (Against All Defendants) VIOLATION OF MICH. COMP. LAWS 600.2919a

32. Greenridge incorporates the preceding allegations.

33. The defendants, upon information and belief, intentionally retained or utilized (*i.e.*, converted) Greenridge's PACA assets (including the Commodities supplied by Greenridge and the receivables and proceeds of those Commodities).

34. As a direct and proximate result of defendants' conversion, Greenridge suffered damages of $27,803.00, exclusive of costs, interest, and attorneys' fees.

35. Further, defendants, via their conversion, have violated Mich. Comp. Laws 600.2919a and are liable to Greenridge for treble damages and for Greenridge's attorneys' fees.

**WHEREFORE**, Greenridge requests that the Court award damages in Greenridge's favor and against Apple Truck, Mrs. Apley, and Mr. Apley, both jointly and severally, for **$83,409.00**, as well as for Greenridge's costs, pre- and post-filing interest, post-judgment interest, and attorneys' fees.

        MILLER JOHNSON
        Attorneys for Plaintiff

Dated: October 5, 2023    By /s/ Robert W. O'Brien
        Robert W. O'Brien (P59127)
        45 Ottawa Ave, SW, Suite 1100
        Grand Rapids, MI  49501-0306
        Telephone:  616.831.1700
        Email: obrienr@millerjohnson.com